J-S25017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID LEE BARNETT | |
| Appellant | No. 1329 WDA 2014 |

Appeal from the Judgment of Sentence Entered July 8, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at Nos: CP-33-CR-0000046-2010 and CP-33-CR-0000328-2010

BEFORE:  BENDER, P.J.E., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                     **FILED JUNE 23, 2015**

Appellant, David Lee Barnett, appeals from the July 8, 2014 judgment of sentence imposing two to five years of incarceration for driving under the influence of alcohol[1] at No. CP-33-CR-0000046-2010 and a consecutive one to five years of incarceration for unauthorized repair or sale of offensive weapons[2] at CP-33-CR-0000328-2010.  Counsel has filed a petition to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967),

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  75 Pa.C.S.A. § 3802.

[2]  18 Pa.C.S.A. § 908.

and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

Appellant has a history of violating the conditions of intermediate punishment and probationary sentences. Appellant pled guilty to the aforementioned offenses on December 15, 2010 and the trial court imposed three months to two years less one day of county incarceration followed by one year and one day of probation for the weapons offense, and five years of county restrictive intermediate punishment for DUI. After a violation, the trial court, on November 18, 2011, revoked the previous sentences and imposed a two-year state intermediate punishment ("SIP") sentence followed by three years of probation for DUI, and a concurrent 5 years of probation for the weapons offense. The trial court imposed the sentences presently on appeal after Appellant absconded from a halfway house during his SIP sentence.

Appellant filed a timely notice of appeal on July 27, 2014. In his Pa.R.A.P. 1925(b) statement, Appellant asserted the trial court abused its sentencing discretion because it failed to place on the record an adequate explanation for the sentence it imposed. Subsequently, appointed counsel filed a brief and petition to withdraw pursuant to ***Anders*** and ***Santiago***. We must first discern whether counsel's filings comply with the dictates of those two cases.

Counsel's brief must do the following:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel must also advise the defendant of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007). We have reviewed counsel's filings and found them in compliance with the foregoing. Appellant has not filed any response.

In the *Anders* Brief, counsel addresses Appellant's challenge to the discretionary aspects of the trial court's sentence. To preserve this issue, an appellant must: (1) raise it at sentencing or in a timely post-sentence motion; (2) file a timely appeal; (3) include in his brief a concise statement of the reasons relied upon for allowance of appeal, per Pa.R.A.P. 2119(f); and (4) set forth in the Rule 2119(f) statement a substantial question as to the propriety of the sentence. *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006). In the *Anders* Brief, counsel correctly

- 3 -

concludes Appellant has waived any challenge to the trial court's sentencing discretion because he did not raise it at sentencing or in a post-sentence motion.[3] Thus, he cannot obtain relief on direct appeal. We observe, nonetheless, that the trial court explained its sentencing rationale, noting Appellant's ongoing criminal prosecution for escape from the halfway house and his persistent drug problem. N.T. Sentencing, 7/8/14, at 10-11. The court noted that a potentially lengthy parole could assist Appellant's rehabilitation. *Id.* at 11.

The ***Anders*** Brief also notes, without citation to authority, that both sentences fall within the applicable statutory maximum. Appellant's weapons offense was a first-degree misdemeanor. 18 Pa.C.S.A. § 908(a). The trial court imposed the lawful maximum for this offense.[4] 18 Pa.C.S.A. § 1104(a)(1). Similarly, Appellant's violation of 75 Pa.C.S.A. § 3802(c) was treated as a first-degree misdemeanor under the circumstances of this case. N.T. Sentencing, 7/8/14, at 11. ***See*** 75 Pa.C.S.A. § 3803(b)(4). Thus, the trial court imposed the lawful maximum for both offenses. We agree with counsel that the issues set forth in the ***Anders*** Brief lack arguable merit.

---

[3] Private counsel represented Appellant at sentencing and subsequently withdrew. The trial court appointed a public defender to represent Appellant in this appeal.

[4] We observe that the trial court credited Appellant for prior time served. N.T. Sentencing, 7/8/14, at 11.

We have conducted an independent review of the record in accord with *Santiago*. *Santiago*, 978 A.2d at 355 n.5. In particular, we note Appellant's frank admission that he deliberately absconded from the halfway house. N.T. Sentencing, 7/8/14, at 10. Given the clarity of the record on the violation that resulted in the revocation and resentencing, the legality of the sentence imposed, and Appellant's failure to preserve a challenge to the discretionary aspects of his sentence, we conclude Appellant cannot raise any non-frivolous arguments in this appeal. We therefore affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015