**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Nathan NISCHAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 2006.
Filed July 5, 2007.

---

9.  April 3, 2005 fell on a Sunday.

Nathan Nischan, appellant, Pro Se.

Douglas J. Waltman, Asst. Dist. Atty., for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., McCAFFERY AND COLVILLE *, JJ.

### Introduction

OPINION BY COLVILLE, J.:

¶ 1 This case is a direct appeal from judgment of sentence. Appellant's attorney has filed a petition to withdraw as counsel, alleging that the appeal is frivolous. Counsel has also filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), presenting issues that might arguably support the appeal. Those issues are: (1) whether the court erred by imposing a mandatory minimum sentence of ten years pursuant to 42 Pa.C.S.A. § 9714(a) (second strike); and (2) whether the sentencing court erred by imposing a manifestly excessive and unreasonable sentence.

¶ 2 Appellant has filed a *pro se* brief in which he raises points supporting the two sentencing issues which counsel raised in the *Anders* brief. Additionally, Appellant's *pro se* brief adds new issues not mentioned by *Anders* counsel, namely: (1) whether Appellant's guilty plea was knowing, voluntary and intelligent; (2) whether the court lacked subject matter jurisdiction to prosecute him because it was unconstitutional to begin his prosecution by criminal information rather than by grand jury indictment; and (3) whether his trial and appellate counsel were ineffective for various reasons. We grant counsel's request to withdraw and we affirm the judgment of sentence.

### Facts

¶ 3 Appellant pled guilty to burglary. The crime occurred in a home while a

* Retired Senior Judge assigned to the Superior Court.

person was present, making the offense a crime of violence under 42 Pa.C.S.A. § 9714(g). In an earlier case, Appellant was convicted of a burglary that also qualified as a crime of violence. As such, the trial court in the present case sentenced him under 42 Pa.C.S.A. § 9714(a) (sentences for second and subsequent offenses), imposing a mandatory minimum term of not less than ten nor more than twenty years for the subject burglary.

¶ 4 Appellant filed a *pro se* post-sentence motion which, while inartful, seemed to ask for withdrawal of his plea and for sentence modification. At that time, Appellant was represented by counsel, specifically the Berks County Public Defender's Office. The court did not address the merits of the motion but, rather, denied it on the grounds that Appellant did not have a right to proceed in a hybrid fashion, *i.e.*, simultaneously *pro se* and by counsel. Appellant then appealed the judgment of sentence.

### *Anders v. California*

¶ 5 *Anders v. California*, 386 U.S. at 744, 87 S.Ct. 1396, sets forth three general requirements an attorney must meet when seeking to withdraw from representation on direct appeal. The best way to appreciate these requirements is to keep in mind that they are designed to accomplish the purpose of *Anders*, which is to preserve a criminal defendant's issues for appellate review. *Commonwealth v. Flores*, 909 A.2d 387, 390 (Pa.Super.2006). Phrased another way, *Anders* seeks to afford a criminal defendant the constitutional right to a direct appeal and the constitutional right to effective counsel, at least to the extent that counsel must competently evaluate the case and preserve claims for appellate scrutiny. *Flores*, 909 A.2d at 390; *see* U.S. CONST. amend. VI (right to counsel); PA. CONST. art. I, § 9 (right to counsel); PA. CONST. art. V, § 9 (right to

direct appeal). These goals are fulfilled by compliance with the *Anders* requirements.

¶ 6 The first of those requirements is that counsel file with this Court a petition for leave to withdraw averring that, after making a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. *Flores*, 909 A.2d at 389. The "conscientious examination" aspect of this requirement ensures that counsel carefully assesses the entire case for any available claims. *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185, 1188 (1981). In short, this mandate guarantees the appellant effective representation by counsel in the course of evaluating the appeal.

¶ 7 The second requirement is that counsel must file what is known as an *Anders* brief distinct from the petition to withdraw. *Flores*, 909 A.2d at 389; *Commonwealth v. Smith*, 700 A.2d 1301, 1303 n. 7 (Pa.Super.1997). Often, there is confusion about what such a brief must contain. In a proper *Anders* brief, counsel sets forth the issues that the appellant wants to pursue as well as any other claims that might be necessary for the effective appellate presentation of those issues. *Smith*, 700 A.2d at 1304. Implicit in this requirement is counsel's obligation to consult with the appellant to identify what the appellant's desired claims are. *See Commonwealth v. Bath*, 907 A.2d 619, 623 (Pa.Super.2006) (discussing counsel's duty to consult with a criminal defendant about an appeal).

¶ 8 We recognize that, by the briefing stage, *Anders* counsel honestly has determined that all issues for the appeal are frivolous. *See Commonwealth v. Thomas*, 354 Pa.Super. 87, 511 A.2d 200, 203 (1986). As such, we understand that counsel will be unable to develop an advocate's argument for the issues which the appellant seeks to raise. However, the

inability to make a non-frivolous argument does not prevent a skilled attorney from articulating the appellant's desired issues in a manner legally sufficient to identify those issues for appellate review. Simply put, the appellant needs a lawyer to explain those issues in an appellate brief in a way that will conform to rules and law so that we can review them. Consequently, what counsel must do in an *Anders* brief is: (1) set forth in a neutral fashion the issues that the appellant wants to raise; (2) cite for this Court relevant legal authorities such as leading cases, statutes, and/or rules that deal with those issues; (3) make reference to the appropriate portions of the record so that this Court can locate the facts pertinent to the claims; and (4) aver that, after a thorough review of the record, the appeal is frivolous. *Smith,* 700 A.2d at 1304, 1305.

¶ 9 Although *Anders* counsel has determined that the issues and the appeal in general not only lack merit but are, indeed, frivolous, counsel must not explain why the claims are frivolous and must not develop arguments against the appellant's interests. *Smith,* 700 A.2d at 1303. Rather, counsel is merely to state the conclusion that the appeal is frivolous. *Id.* at 1304, 1305. By proceeding in this fashion, *Anders* counsel does not advance a position adverse to the appellant. *Smith,* 700 A.2d at 1303–05.

¶ 10 Additionally, while counsel's finding of frivolousness is subject to our review, the *Anders* brief, as well as the *Anders* petition, gives this Court and the appellant an assurance that an officer of the court— a trained attorney—has applied a lawyer's learning and expertise when examining the case on the appellant's behalf. *Smith,* 700 A.2d at 1304. The *Anders* protocol thereby affords defendants their constitutional right to a direct appeal and to counsel on that appeal. *Smith,* 700 A.2d at 1304,

1305. The appellant's issues are adequately raised; counsel then asks to withdraw.

¶ 11 Counsel's third obligation under *Anders* is to furnish a copy of the brief to the appellant, advising him of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief. *Flores,* 909 A.2d at 389. This last option (*i.e.,* to raise additional points) means that the appellant, although still represented by *Anders* counsel, may file a brief with this Court. *Commonwealth v. Baney,* 860 A.2d 127, 129, 130 (Pa.Super.2004).

¶ 12 This possibility raises a curious matter. Specifically, when examining most non-*Anders* cases, this Court will not read *pro se* briefs filed by counseled appellants. *Commonwealth v. Ellis,* 534 Pa. 176, 626 A.2d 1137, 1141 (1993); Pa.R.A.P. 3304. However, *Anders* specifically contemplates that, after counsel files the *Anders* brief, an appellant may file a *pro se* brief. *Anders,* 386 U.S. at 744, 87 S.Ct. 1396; *Flores,* 909 A.2d at 389. Indeed, as we have just noted, part of counsel's duty under *Anders* is to advise the appellant of the right to raise points in addition to those in counsel's *Anders* brief. *Flores,* 909 A.2d at 389. Thus, when conducting an *Anders* review, this Court will consider not only the brief filed by counsel but also any *pro se* appellate brief. *Baney,* 860 A.2d at 129, 130.

■ ¶ 13 If this Court receives a petition to withdraw and a brief, both submitted in accord with *Anders,* and if we are satisfied that counsel has complied with the three technical *Anders* requirements, we will then undertake our own independent examination of the issues raised in the *Anders* brief and in any *pro se* brief to determine whether we agree with counsel's

assessment that the appeal before us is frivolous. *Flores,* 909 A.2d at 389. If, after our review, we determine that the appeal is frivolous, then we will grant counsel's petition to withdraw and we will affirm the judgment of sentence. *McClendon,* 434 A.2d at 1188. However, if it appears that there are non-frivolous issues, we will deny the petition to withdraw and remand the case with directions that counsel file an advocate's brief. *Commonwealth v. Kearns,* 896 A.2d 640, 647 (Pa.Super.2006) (*Kearns I* ). An advocate's brief must contain fully developed arguments supporting the appellant's position. *Commonwealth v. Love,* 896 A.2d 1276, 1287 (Pa.Super.2006); Pa.R.A.P. 2119(a). After the filing thereof, the Commonwealth will have the opportunity to submit a responsive brief. *Id.* Upon receipt of the advocate's brief and the Commonwealth's response, we will then decide the merits of the case. *Commonwealth v. Kearns,* 907 A.2d 649, 652 (Pa.Super.2006) (*Kearns II* ).

¶ 14 Equipped with the foregoing principles, we turn to the instant case. Counsel's withdrawal petition summarizes the background of the case, explains that counsel has filed an *Anders* brief and notes the issues raised therein. Most importantly, the petition avers that counsel reviewed the record and relevant legal authority and indicates counsel's conclusion that there are no non-frivolous issues to be raised on appeal. The petition specifically states that, following counsel's review, he believes the appeal is wholly frivolous.

¶ 15 The petition also indicates that counsel forwarded a copy thereof and a copy of the *Anders* brief to Appellant. Attached to the petition, and also mailed to Appellant, is a letter explaining to Appellant his right to retain new counsel and/or to file additional comments or arguments on his own. Counsel has met the first and third requirements of *Anders.*

¶ 16 The *Anders* brief articulates and explains to this Court two sentencing issues that might arguably support the appeal. The brief also cites several cases and statutes relevant to each issue. The issues are stated in neutral fashion. Counsel states that he is unable to develop any arguments in support of those claims but he does not make any argument against Appellant's position. The brief contains sufficient citations to the record to direct our attention to the relevant facts. Accordingly, we find that counsel's brief satisfies the second requirement of *Anders.*

¶ 17 Because counsel has met the three technical requirements of *Anders,* we must now conduct our own review of the issues set forth in counsel's brief to determine if they are frivolous and to decide whether counsel should be permitted to withdraw. Also, because Appellant has exercised his right to file a *pro se* brief, we review it as well.

### Mandatory Minimum Sentence

¶ 18 Appellant contends that the second strike mandatory sentence, person present, was not applicable because at the time the offense was committed no person other than he was present. He raises this matter in his *Anders* and *pro se* briefs. Appellant's claim is essentially that 42 Pa. C.S.A. § 9714(a) (second strike) does not apply to the facts of his case. An argument of this type implicates the legality of the sentence. *Commonwealth v. Littlehales,* 915 A.2d 662, 664 (Pa.Super.2007).

¶ 19 Appellant burglarized a residence— *i.e.,* a structure adapted for overnight accommodation. Although no one was present when he began the crime, the resident returned while Appellant was still in the home. Appellant's claim is that, because the resident was not present at the start of

the crime, she was not present for the purposes of the statute.

¶ 20 Appellant is wrong. A person who enters a structure while a burglar is still in the building is present at the time of the offense. *Commonwealth v. Stepp*, 438 Pa.Super. 499, 652 A.2d 922, 924 (1995). When a person is present during the burglary of a structure adapted for overnight accommodation, the burglary becomes a crime of violence. 42 Pa.C.S.A. § 9714(g). Because this burglary was a crime of violence, the second strike penalty applied to Appellant. The court imposed the mandatory second strike sentence as required by law. Accordingly, this issue is frivolous.

### Manifestly Excessive and Unreasonable Sentence

¶ 21 Appellant, by counsel and *pro se,* asks us to grant allowance of appeal concerning the discretionary aspects of sentence. He contends that the length of his incarceration was excessive and manifestly unreasonable. Initially, we note that this matter has simply been waived. An appellant can appeal only those matters preserved in the trial court. Pa.R.A.P. 302(a). More to the point, an appellant can seek to appeal discretionary sentencing issues only after preserving them during the sentencing hearing or in post-sentence motions. *Commonwealth v. Malovich,* 903 A.2d 1247, 1250 (Pa.Super.2006). Appellant did neither in this case.

¶ 22 Appellant did file a *pro se* post-sentence motion. However, that motion failed to preserve his discretionary sentencing claim for two reasons. First, Appellant had no right to file a *pro se* motion because he was represented by counsel. *Ellis,* 626 A.2d at 1139. This means that his *pro se* post-sentence motion was a nullity, having no legal effect. *Com-*

*monwealth v. Piscanio,* 530 Pa. 293, 608 A.2d 1027, 1029 n. 3 (1992). Second, the motion, in a rather unclear fashion, sought to withdraw the guilty plea and to challenge the validity of the mandatory minimum sentence. It did not challenge any discretionary aspects of sentence. While the motion did at one point mention the word "excessive," it did so in the context of contesting the mandatory second strike penalty. The motion certainly did not state a challenge to the discretionary aspects of sentencing "with specificity and particularity" as is required by Pa. R.Crim.P. 720(B)(1)(a). This issue was waived.

¶ 23 However, even if we did not find waiver, Appellant's claim would fail for an even more obvious reason. As we have already explained, the sentencing court had no authority—no discretion—to impose a sentence lower than the mandatory minimum. *Littlehales,* 915 A.2d at 664; 42 Pa.C.S.A. § 9714(e). The only discretion the court had was the choice to render a sentence at the minimum or above it. 42 Pa.C.S.A. § 9714(e). It is thus frivolous for Appellant to contend that the court abused its discretion by imposing the minimum mandated prison term. We deny Appellant's request for allowance of appeal.

### Involuntary Guilty Plea

¶ 24 In his *pro se* brief, Appellant argues his plea was involuntary because he did not know, prior to pleading, that he was subject to a mandatory minimum sentence of ten to twenty years. We observe again that, because Appellant's *pro se* motion had no legal effect, this claim was waived.

¶ 25 Nevertheless, were we not to find waiver, Appellant's contention would still fail. Appellant claims he pled while

unaware of the mandatory incarceration. The record says otherwise. Prior to the plea, the court twice advised Appellant that the Commonwealth was seeking a mandatory term of ten to twenty years. N.T., 04/10/06, at 5. Under oath, Appellant twice responded that he understood this fact. *Id.* Appellant is bound by these sworn statements made during the plea proceedings. *Baney,* 860 A.2d at 132. His claim that he did not know of the mandatory sentence is frivolous.

### Lack of Subject Matter Jurisdiction

¶ 26 Appellant's *pro se* brief claims that the trial court lacked subject matter jurisdiction over this case because he was entitled to a grand jury indictment rather than a criminal information. Although this claim was not preserved in the trial court, a challenge to subject matter jurisdiction cannot be waived, and we will therefore consider it. *Commonwealth v. Hatchin,* 709 A.2d 405, 408 n. 9 (Pa.Super.1998); *Commonwealth v. Clark,* 354 Pa.Super. 366, 511 A.2d 1382, 1383 (1986).

¶ 27 A court has subject matter jurisdiction over a criminal trial if the court is competent to hear the case and if the criminal defendant received formal and specific notice of the charged crimes. *Hatchin,* 709 A.2d at 408. First, the criminal division of the Berks County Court of Common Pleas was competent to hear Appellant's criminal case. *See id.* at 408 n. 8. Appellant does not contest this fact.

¶ 28 Second, a criminal information satisfies the constitutional requirements, under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, that a defendant be given formal, specific notice of the charged crimes. *Hatchin,* 709 A.2d at 408. The trial court thus had subject matter jurisdiction. Appellant's claim to the contrary is frivolous.

### Ineffectiveness of Counsel

¶ 29 Appellant also contends that his trial and appellate counsel were ineffective in various ways. Generally, claims of ineffective counsel are not to be raised on direct appeal but, rather, they are to be brought in a petition under the Post Conviction Relief Act. *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726, 738 (2002); *see* 42 Pa.C.S.A. §§ 9541–46. None of the exceptions to the general rule of *Grant* apply here. *See Commonwealth v. Bomar,* 826 A.2d 831, 854–55 (Pa.2003) (discussing exceptions to the *Grant* rule). Accordingly, we dismiss Appellant's claims of ineffectiveness without prejudice to bring them under the PCRA.

### Summary and Conclusion

¶ 30 Having found that counsel satisfied the *Anders* requirements, having declined to address the ineffectiveness claims, and having determined that the remaining issues in the *Anders* and *pro se* briefs are wholly frivolous, we grant counsel's petition to withdraw and we affirm the judgment of sentence.

¶ 31 Petition to withdraw as counsel granted. Judgment of sentence affirmed.