J. S76006/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :     IN THE SUPERIOR COURT OF
                            :          PENNSYLVANIA
                  v.          :
                            :

M. PATRICK HAUGH,           :         No. 1968 WDA 2013
                            :
          Appellant     :


Appeal from the Judgment of Sentence, October 31, 2013,
in the Court of Common Pleas of Westmoreland County
Criminal Division at Nos. CP-65-CR-0000876-2013,
CP-65-CR-0000877-2013, CP-65-CR-0002418-2012


BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED FEBRUARY 10, 2015**

Appellant, M. Patrick Haugh, appeals from the judgment of sentence of October 31, 2013, entered in the Court of Common Pleas of Westmoreland County.  We affirm.

On April 9, 2013, before the Honorable Debra Ann Pezze, appellant entered a general guilty plea on three separate cases to the following charges:  person not to possess a firearm, unsworn falsification, one count each of terroristic threats, recklessly endangering another person, aggravated assault, two counts of disarming a law enforcement officer without lawful authorization, one count of resisting arrest, criminal mischief, and disorderly conduct.  An on-the-record colloquy occurred where the court identified each count, explained the maximum penalties he could receive,

and described the incidents which gave rise to each respective charge. For each count, appellant stated that he was pleading guilty. Sentencing was deferred pending the completion of a pre-sentence report.

On October 31, 2013, appellant appeared for a sentencing hearing before the Honorable Richard E. McCormick.[1] The victim in one of the cases took the stand and gave a statement. After affording appellant an opportunity to address the court, Judge McCormick sentenced him to an aggregate term of 42 to 84 months' incarceration with credit for any time served, no contact with the victims, forfeiture of the firearm, as well as costs and restitution.

On November 6, 2013, a timely *pro se* motion to withdraw his guilty pleas was filed as well as a request for court-appointed counsel. Judge McCormick held a hearing on December 5, 2013, and appellant was represented by David J. Eckle, Esq. Thereafter, Judge McCormick denied the motion and granted defense counsel leave to withdraw his appearance.[2] (*See* docket #29.) On December 9, 2013, a *pro se* notice of appeal was filed. (Docket #30.) Subsequently, a *Grazier*[3] hearing was held on March 28, 2014, at which time the court appointed James M. Fox, Esq., to

---

[1] Judge Pezze was on a leave of absence for medical reasons.

[2] The record indicates that appellant was unwilling to leave the courtroom and had to be carried out by sheriffs. (Notes of testimony, 12/5/13 at 9.)

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

represent appellant for purposes of appeal. Counsel filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and on May 29, 2014, Judge McCormick issued a Rule 1925(a) opinion.

Appellant presents the following issues on appeal:

I. The Appellant's guilty plea was not knowingly, voluntarily, and intelligently entered for the following reasons:

a. Counsel for the Appellant did not review the charges with the Appellant, possible defenses that could be raised or the sentencing guidelines applicable to the offenses thereby preventing the Appellant from entering a knowing, voluntary and intelligent plea;

b. The Appellant expressed an intention, prior to sentencing, to withdraw his guilty plea by writing a letter to the Honorable Debra A. Pezze wherein he informed the court that he did not believe he should be pleading guilty.

II. The Appellant's guilty plea was deficient and not knowingly, voluntarily, and intelligently entered as the lower court failed, at the time of the guilty plea colloquy, and at sentencing, to advise the Appellant of his post-sentence appeal rights as a result of the entry of the guilty plea.

Appellant's brief at 2.

Appellant first argues that guilty plea counsel did not review the charges with him, possible defenses that could be raised, or the sentencing guidelines applicable to the offenses, thereby preventing him from entering a knowing, voluntary, and intelligent plea. (Appellant's brief at 6.) After a thorough review of the record, appellant's brief, the relevant law, and the well-reasoned opinion of the trial court, we find this argument to be without merit. Because the trial court's opinion adequately and accurately disposes of this issue, we affirm on the basis of that opinion. (*See* trial court opinion, 5/29/14 at 1-2.)

Next, appellant argues that he "expressed an intention, prior to sentencing, to withdraw his plea by writing a letter to [Judge Pezze] wherein he informed the court that he did not believe he should be pleading guilty." (Appellant's brief at 6.) As the Commonwealth notes, there is nothing in the record substantiating appellant's claim that he sent a letter to Judge Pezze prior to being sentenced. Furthermore, since appellant was represented by counsel, any *pro se* motion filed would have been a legal nullity. *See Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super. 2007) ("Appellant had no right to file a *pro se* motion because he was represented by counsel. This means that his *pro se* post-sentence motion was a nullity, having no legal effect."). No relief is due.

In his final claim, appellant argues that his guilty plea is invalid as the sentencing court did not explain his post-sentence or appeal rights as

required by Pa.R.Crim.P. 704(c)(3). The lower court and the Commonwealth do not dispute this assertion. We agree with the Commonwealth that since appellant filed a timely **pro se** notice to withdraw his guilty plea and thereafter filed a timely counseled notice of appeal to this court, the error was harmless. The remedy of a remand so the court could properly advise appellant of his rights is moot as appellant filed a timely post-sentence motion and appeal and did not affect the validity of his plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
COMMONWEALTH OF PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
)
vs. )          No.    2418 C 2012
)                 877 C 2013
M. PATRICK HAUGH, )                 876 C 2013
)
Defendant/Appellant. )

## OPINION OF COURT PURSUANT TO RULE 1925(a) OF THE PENNSYLVANIA RULES OF APPELLATE PROCEDURE

AND NOW, to wit, this 2̶9̶ day of May, 2014, the Court hereby issues the following Opinion in support of the Order appealed from, indicating those places in the record where such reasons for the court's rulings can be found, pursuant to Pennsylvania Rule of Appellate Procedure No. 1925(a).

This appeal is from this Court's denial of the Defendant/Appellant's *pro se Motion to Withdraw Guilty Plea*. In his *Concise Statement of Errors Complained of on Appeal*, Appellant contends that his guilty plea was not knowingly, voluntarily and intelligently entered.

The first basis upon which Appellant makes his claim is that his former legal counsel did not review the charges with him, did not discuss the possible defenses that could be raised, and did not explain the sentencing guidelines that were applicable to the offenses. To the extent that Appellant raises issues of trial counsel's ineffectiveness, the evidence of counsel's ineffectiveness was not offered or developed at the hearing on the

1

Motion to Withdraw Guilty Plea. Furthermore, after reviewing the files on this matter, we have been unable to find a Guilty Plea Petition or Petitions which would have set forth the charges and the possible maximum sentences, even though the Appellant confirmed, when questioned by the Honorable Debra A. Pezze that he had completed a petition with his counsel. (See Transcript of General Guilty Pleas, April 9, 2013, p. 11, proceeding before the Honorable Debra A. Pezze.) Despite there being no Petition in the record, however, Judge Pezze specifically explained each charge, and the possible maximum sentence that could be imposed, to the Appellant before he plead guilty to each charge. (See Transcript of General Guilty Pleas, April 9, 2013, pp. 12-18.)

In addition, Judge Pezze specifically asked the Appellant whether he had had enough time to discuss the charges with his attorney, to discuss any defenses he may have to the charges, and to discuss the rights that he was giving up. When the Appellant asked for a few additional minutes to consult with his lawyer, she granted him the additional time before proceeding with the guilty plea colloquy. (See Transcript of General Guilty Pleas, April 9, 2013, p.12.) After consulting with counsel, the Appellant confirmed that he had had adequate time to consult with counsel about the charges he faced. Based upon our review of the guilty plea proceedings, we find the Appellant's guilty plea to have been intelligently, voluntarily and knowingly entered into; therefore, his first allegation of error is without merit.

The second basis upon which Appellant makes his claim is that he expressed his intention, prior to sentencing, to withdraw his guilty plea by writing a letter to the Honorable Debra A. Pezze, informing her that he did not believe that he should be pleading guilty. Again, there is no evidentiary record that supports this assertion, so this

2

fact, coupled with the Appellant's statements at the sentencing proceeding, leads us to find that this second allegation of error is without merit.

The third, and final, basis upon which Appellant makes his claim that the guilty plea was not knowingly, voluntarily and intelligently entered is that the trial court failed to advise the Appellant of his post-sentence appeal rights. Pennsylvania Rule of Criminal Procedure No. 704(C)(3) directs the sentencing judge to determine on the record that the defendant has been advised of his rights with regard to the filing of post-sentence motions and an appeal. Upon careful review of the record, we have not been able to find anyplace or time when the Appellant was advised of his post-sentence appeal rights, either during the guilty plea proceedings or at the time of sentencing. Accordingly, it appears that this Court, as the sentencing court, failed to comply with the directive under Rule 704(C)(3).

BY THE COURT:

_____
RICHARD E. McCORMICK, JR.,
PRESIDENT JUDGE

ATTEST:

_____
Clerk of Courts

cc:  Michael Pacek, Esq. – for the Commonwealth
     James M. Fox, Esq. – for the Defendant
     Court Administrator's Office

3