J. A01004/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JUAN MOYER, | : | No. 341 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 29, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0008620-2009

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND ALLEN, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 20, 2015**

Juan Moyer appeals from the judgment of sentence of January 29, 2014, following revocation of his probation and parole.  We affirm.

The sole issue presented concerns the discretionary aspects of appellant's sentence.  Appellant argues that the sentence of 2 to 4 years' imprisonment following his probation revocation was manifestly excessive and an abuse of discretion as it was based on technical violations without taking into consideration all of the required statutory factors.  (Appellant's brief at 13.)  "The right to appeal a discretionary aspect of sentence is not absolute."  **Commonwealth v. Raven**, 97 A.3d 1244, 1252 (Pa.Super. 2014).  We conclude that appellant has failed to preserve his sentencing claim.

Pa.R.A.P. 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Jarvis***, 663 A.2d 790, 791 (Pa.Super. 1995). As such, issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Pa.R.Crim.P. 720; ***Commonwealth v. Tejada***, 2015 WL 62931 (Pa.Super. 2015) (explaining that specific challenges to discretionary aspects of sentence are waived where raised for the first time in a Rule 1925(b) statement rather than at sentencing or in a post-sentence motion). Absent such efforts, an objection to a discretionary aspect of a sentence is waived. ***Id.***

Herein, appellant did not raise this specific reason during the sentencing hearing nor did he file a counseled post-sentence motion. As such, the sentencing judge did not have an opportunity to reconsider or modify his sentence on this basis; therefore, the claim is waived. ***See Tejada***, ***supra***.[1]

Judgment of sentence affirmed.

---

[1] While appellant filed a ***pro se*** motion for modification of sentence, such does not preserve a challenge to the discretionary aspects of his sentence. Appellant was represented by counsel; the record contains no motion to withdraw as counsel. ***See Commonwealth v. Spotz***, 99 A.3d 866 (Pa. 2014) (no right to hybrid representation; ***pro se*** briefs and motions filed by counseled defendant's are not typically considered) ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa.Super. 2007), appeal denied, 936 A.2d 40 (Pa. 2007) (finding appellant had no right to file ***pro se*** post sentence motion where he was represented by counsel; ***pro se*** motion was a nullity). Nor were the issues raised in this brief presented in the ***pro se*** motion.

J. A01004/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2015