J-S44022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY I. DAVIS, JR. | |
| Appellant | No. 2811 EDA 2015 |

Appeal from the Judgment of Sentence Entered August 18, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0005196-2013

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 24, 2016**

Appellant, Anthony I. Davis, Jr., appeals from the August 18, 2015 judgment of sentence imposing six to twenty-three months of incarceration with credit for time served and immediate probation upon completion of an anger management program.  Counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

On November 12, 2013, Appellant pled *nolo contendere* to one count of simple assault (18 Pa.C.S.A. § 2701) and the trial court imposed two years of probation.  The trial court ordered Appellant to undergo anger

management treatment and avoid inappropriate contact with the victim, his wife. On August 18, 2015, the trial court conducted a *Gagnon II*[1] hearing, to address an alleged probation violation. At that hearing, Appellant's probation officer testified that Appellant contacted his wife by telephone and threatened to kill her. Appellant expressed remorse for the incident. The trial court revoked Appellant's probation and imposed the sentence on appeal.

Counsel filed an *Anders* Brief addressing Appellant's contention that the trial court abused its discretion in sentencing Appellant to total confinement. Before we address the merits, we consider the adequacy of counsel's *Anders*/*Santiago* brief, which must comply with the following:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

Counsel must also advise the defendant of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007). We have reviewed counsel's filings and found them in compliance with the foregoing. Appellant has not responded. We therefore proceed to the merits.

We now consider the trial court's decision to sentence Appellant to total confinement. The following standard governs appellate review of a trial court's sentencing discretion:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. […] An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

**Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007).

The Judicial Code governs a trial court's imposition of total confinement:

### § 9725. Total confinement

> The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and

- 3 -

the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S.A. § 9725.

Instantly, Appellant was on probation with a condition of avoiding inappropriate behavior toward his wife. Despite having already undergone anger management treatment, Appellant threatened his wife's life during an argument. Based on the circumstances of Appellant's probation violation, the trial court elected to incarcerate Appellant and order additional anger management treatment. The court believed incarceration was appropriate— at least until Appellant's completion of additional anger management— because the court considered Appellant a threat to his wife. We discern no abuse of discretion. The record supports a finding that Appellant might commit a crime and/or that Appellant's anger management counseling will be more effective during a sentence of incarceration. The sentence is appropriate under § 9725(1) and (2).

We agree with counsel that any challenge to the trial court's sentencing discretion lacks arguable merit. We have conducted an independent review of the record and found no other issues of arguable

merit. We therefore affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/24/2016