**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK CAPLE | : | |
| | : | |
| Appellant | : | No. 348 EDA 2019 |

Appeal from the PCRA Order Entered December 24, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0002451-2013

BEFORE:   NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                       Filed:  April 15, 2020

Appellant, Frank Caple, appeals from the order entered in the Montgomery County Court of Common Pleas, which granted Appellant's *pro se* "motion requesting a final order for the [Post Conviction Relief Act ("PCRA")[1]] issue that was ignored."  We vacate and remand with instructions.

In its opinion, the PCRA court set forth the relevant facts of this appeal as follows:

> The events leading to these charges began on February 16, 2013, at approximately 7:00 a.m.  That day, Officer Jonathan Gallagher, was dispatched to America's Best Value Inn (hereinafter "the Inn") located in Pottstown, Montgomery County for a report of a domestic assault.  Upon arriving at the Inn, Officer Gallagher joined two other officers and spoke with Yolanda Smith and Anthony King,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

who were occupying room 115. From this conversation, Officer Gallagher learned that an assault had just occurred. Neither Smith nor King was involved in the assault and they directed Officer Gallagher to room 210 of the Inn. However, the manager at the Inn indicated that room 210 was vacant. Since the victim was not located yet, Officer Gallagher asked the manager to open the door to room 210 nevertheless. It was apparent that room 210 was in fact vacant, but shortly thereafter, Officer Gallagher heard a radio transmission that the victim could possibly be located in room 215.

Officer Gallagher proceeded to room 215 and although the curtains were drawn, they were open enough that he could see there was a light on. He began to knock very loudly and announced "police" in his attempt to locate the victim. After doing this several times, to no avail, Officer Gallagher asked the manager to open the door. He then located a female, Gail Benedetto, in the bathroom. Ms. Benedetto was not the assault victim, however while he was in room 215, Officer Gallagher heard through transmission that the victim had been located.

Officer Gallagher noticed there were two metal crack pipes on top of a dresser in room 215. At that point, Ms. Benedetto was taken from the room in order to secure it while a search warrant was applied for. Found during the execution of the search warrant were: two cell phones located on the sink in room 215; a stack of business cards that said "Flip Entertainment," along with a telephone number printed on the cards; the two metal crack pipes mentioned earlier; a Western Union receipt indicating [Appellant] sent $100 to Amber Fuller; a ceramic plate, razor blade, piece of a straw, blue pill bottle, small black glassine packaging baggies, and a bag of marijuana, all found in the desk drawer; a blue backpack containing men's clothing and two dirty socks with large chunks of a white substance inside; a black and orange backpack containing a pack of Newport cigarettes surrounded by unused pink and red Ziploc baggies; a red jacket with several small baggies that contained a white substance found inside; and a pair of men's Dickie pants with "Flip Company Home Remodeling" business cards sticking out of them. Testing done on several of the items seized and submitted to National Medical

Services Laboratory provided a positive result for Cocaine, Oxycodone, and Marijuana.

While the search of room 215 was occurring, the victim of the assault, Cicely McCarty, was taken to the police station. Officer Gallagher met her at the station and noticed her face was swollen, she had a cut on her lip, and she was upset. It was discovered that Ms. McCarty was doing drugs in room 115 and ended up sleeping there on the floor. The next morning, February 16, 2013, [Appellant] called room 115 and told Ms. McCarty to leave. About two minutes later, [Appellant] came downstairs to room 115 and engaged in a verbal and physical fight with Ms. McCarty. As she left, Ms. McCarty called the cops. This call was what initially led Officer Gallagher to the Inn and resulted in the charges filed against the [Appellant].

(PCRA Court Opinion, filed June 25, 2019, at 1-3) (internal citations omitted).

At trial, a jury convicted Appellant of three counts of possession of a controlled substance, two counts of possession of a controlled substance with intent to deliver, and one count each of possession of drug paraphernalia and simple assault. On June 4, 2014, the court sentenced Appellant to an aggregate term of five (5) to twenty (20) years' imprisonment. The sentence included certain mandatory minimum terms based upon the weight of the drugs at issue. The court also issued an "alternative sentence," in the event that future appellate court decisions might render the applicable mandatory minimum statutes unconstitutional.

On appeal, this Court vacated the judgment of sentence and remanded for resentencing. *See Commonwealth v. Caple*, 121 A.3d 511 (Pa.Super. 2015). Specifically, this Court granted relief on Appellant's sentencing claims, but it denied relief on Appellant's suppression of evidence issue. Upon

remand, the court resentenced Appellant to an aggregate term of four (4) to twenty (20) years' imprisonment. Appellant timely filed a notice of appeal, but he subsequently filed a *praecipe* for discontinuance on July 28, 2016.

On September 7, 2016, Appellant timely filed a *pro se* PCRA petition. The court appointed PCRA counsel, who filed an amended petition on December 15, 2016. In the amended petition, Appellant claimed counsel for his first appeal was ineffective for: 1) failing to raise a proper argument regarding the illegal seizure of Appellant's personal items from the hotel room, and; 2) failing to file a petition for reargument after the Superior Court denied relief on the suppression issue. The PCRA court conducted an evidentiary hearing on April 25, 2017. On April 26, 2017, the court reinstated Appellant's right to seek reargument *nunc pro tunc* in the Superior Court and/or file a petition for allowance of appeal *nunc pro tunc*.[2]

Appellant filed a petition for reconsideration and reargument *nunc pro tunc*, which this Court denied on August 1, 2017. Thereafter, Appellant filed a petition for allowance of appeal *nunc pro tunc*, which our Supreme Court denied on January 17, 2018.

Despite still having PCRA counsel as his attorney of record, Appellant attempted to file a *pro se* motion in the PCRA court on November 29, 2018. In the *pro se* motion, Appellant argued that the PCRA court "issued an order,

---

[2] The order also confirmed that PCRA counsel remained Appellant's attorney of record.

granting and addressing only the second issue" in the amended PCRA petition. (*Pro Se* Motion, filed 11/29/18, at 1). Appellant insisted that the PCRA court "never issued any final orders [or] addressed" the claim of ineffectiveness regarding direct appeal counsel's failure to raise a proper argument about the purportedly illegal seizure. (***Id.***). Thus, Appellant requested that the PCRA court "issue a final order with the disposition of" the remaining ineffectiveness issue. (***Id.*** at 2).

The Clerk of Court's office accepted Appellant's *pro se* motion, placed a time stamp on it, made a docket entry reflecting the date of receipt, and forwarded the motion to PCRA counsel. Before PCRA counsel took any further action, the PCRA court entered an order on December 24, 2018. The PCRA court's order expressly denied the remaining claim in Appellant's amended PCRA petition, stating that Appellant did not receive ineffective assistance of counsel.[3]

PCRA counsel timely filed a notice of appeal on January 22, 2019. That same day, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed a Rule 1925(b) statement on February 8, 2019.

Appellant now raises three issues for our review:

> DID THE [PCRA] COURT ERR IN ITS ORDER OF DECEMBER 24, 2018, DECIDING [APPELLANT'S] *PRO SE* MOTION

---

[3] The order also reiterated that PCRA counsel remained attorney of record for any further proceedings.

REQUESTING A FINAL ORDER FOR THE PCRA ISSUE THAT WAS IGNORED, INASMUCH AS AT THE TIME OF THE FILING AND DECISION [APPELLANT] WAS REPRESENTED BY COUNSEL AND THE [PCRA] COURT'S CONSIDERING THE MOTION WAS A VIOLATION OF THE PROHIBITION AGAINST HYBRID REPRESENTATION?

DID THE [PCRA] COURT ERR IN ITS ORDER OF DECEMBER 24, 2018, DECIDING [APPELLANT'S] *PRO SE* MOTION REQUESTING A FINAL ORDER FOR THE PCRA ISSUE THAT WAS IGNORED, AND DISMISSING THE BALANCE OF [APPELLANT'S] PCRA CLAIMS IN THE AMENDED PETITION FILED DECEMBER 15, 2016, INASMUCH AS THE [PCRA] COURT DID NOT HAVE JURISDICTION TO DECIDE THE 2016 CLAIMS AS THE [PCRA] COURT'S ORDER OF APRIL 26, 2017, REINSTATED [APPELLANT'S] DIRECT APPEAL RIGHTS, THE SUPERIOR COURT AFFIRMED THE JUDGMENT OF SENTENCE ON AUGUST 1, 2017, THE PEITTION FOR ALLOWANCE OF APPEAL … WAS DENIED BY THE SUPREME COURT ON JANUARY 17, 2018, AND ACCORDINGLY [APPELLANT] HAD ONE YEAR FROM THAT DATE (JANUARY 17, 2018) TO FILE A PETITION UNDER THE PCRA RAISING HIS COLLATERAL CLAIMS?

DID THE [PCRA] COURT ERR IN ITS ORDER OF DECEMBER 24, 2018, DECIDING [APPELLANT'S] *PRO SE* MOTION REQUESTING A FINAL ORDER FOR THE PCRA ISSUE THAT WAS IGNORED, AND DISMISSING THE BALANCE OF [APPELLANT'S] PCRA CLAIMS IN THE AMENDED PETITION FILED DECEMBER 15, 2016, INASMUCH AS TRIAL COUNSEL …, APPELLATE COUNSEL …, AND FIRST PCRA COUNSEL … WERE INEFFECTIVE IN NOT LITIGATING THE ISSUE CONCERNING THE WARRANTLESS SEIZURE OF A RECEIPT BEARING [APPELLANT'S] NAME FROM THE HOTEL ROOM IN QUESTION, AS THERE WAS NO PROBABLE CAUSE TO LINK THE RECEIPT TO ANY CRIMINAL ACTIVITY AND THE INCRIMINATING CHARACTER OF THE RECEIPT WAS NOT READILY APPARENT?

(Appellant's Brief at vi).

On appeal, Appellant argues the PCRA court should not have ruled upon

his November 29, 2018 *pro se* motion. Appellant contends PCRA counsel was

his attorney of record at the time he submitted the *pro se* motion; therefore, the *pro se* motion was a legal nullity. Appellant also insists "there was technically nothing open and pending before the [PCRA] court," because it had already reinstated Appellant's direct appeal rights *nunc pro tunc*. (**Id.** at 18). Under these procedural circumstances, Appellant maintains he should still possess the right to pursue any and all claims available under the PCRA. Appellant concludes this Court must vacate the December 24, 2018 order disposing of the *pro se* motion and remand the matter to the PCRA court for the filing of any new PCRA claims Appellant wishes to pursue. We agree.

When counsel is appointed to represent a PCRA petitioner, "the appointment … shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition…." Pa.R.Crim.P. 904(F)(2). It is well settled that hybrid representation is prohibited. **Commonwealth v. Jette**, 611 Pa. 166, 23 A.3d 1032 (2011).

Further, Pennsylvania Rule of Criminal Procedure 576(A)(4) governs the submission of *pro se* filings by represented defendants as follows:

**Rule 576. Filing and Service by Parties**

**(A) Filing**

\* \* \*

(4) In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the

- 7 -

> document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

Pa.R.Crim.P. 576(A)(4). *Pro se* filings that require merits review, including motions, are legal nullities when they are filed by a defendant who is represented by counsel. *See Commonwealth v. Ali*, 608 Pa. 71, 89, 10 A.3d 282, 293 (2010); *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

Instantly, the PCRA court's opinion recognized that PCRA counsel was still the attorney of record when Appellant attempted to file the November 29, 2018 *pro se* motion. (*See* PCRA Court Opinion at 7). Therefore, the *pro se* filing was a legal nullity, and the PCRA court should not have addressed it. *See Jette, supra*; *Ali, supra*; *Nischan, supra*. Accordingly, we vacate the December 24, 2018 order addressing the *pro se* motion and remand for further proceedings. Upon remand, Appellant may present new claims under the PCRA.[4]

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

---

[4] Because the PCRA court granted relief based upon Appellant's 2016 petition, the court must treat any new PCRA petition as Appellant's first. *See Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014) (explaining that when petitioner's direct appeal rights are reinstated *nunc pro tunc* in first PCRA petition, subsequent petition will be considered first petition for timeliness purposes).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/15/20