**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY MICHAE CASTELLO | : | |
| | : | |
| Appellant | : | No. 1266 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 30, 2024
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000190-2023

BEFORE: MURRAY, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED: APRIL 30, 2025**

Appellant, Anthony Michael Castello, appeals from the judgment of sentence entered in the Union County Court of Common Pleas on Augst 30, 2024. Appellant's counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). After review, we remand this appeal with instructions.

Based on our disposition, we need not extensively discuss the factual history of this appeal. Briefly, Appellant was charged with one count each of resisting arrest, disorderly conduct, public drunkenness, criminal mischief, and harassment.[1] Appellant was convicted on all counts on June 12, 2024, following a jury trial.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 6104, 5503(a)(1), 5505, 3304(a)(5), 2709(a)(1).

Appellant filed a motion for post-verdict relief on June 17, 2024. On June 28, 2024, Appellant's trial counsel filed a motion to withdraw. Appellant was sentenced on August 29, 2024, to nine to twenty-four months' incarceration. On that same day, a hearing was held on his post-verdict motion. On August 30, 2024, the trial court permitted counsel to withdraw and denied Appellant's motion for post-verdict relief.

On September 4, 2024, Appellant timely filed a notice of appeal. On September 23, 2024, he filed a *pro se* statement of errors pursuant to Pa.R.A.P. 1925(b). On September 30, 2024, this Court ordered the trial court to appoint new counsel for Appellant. On October 10, 2024, Appellant was appointed Jedediah H. Lemon, Esq. as appellate counsel who was given until October 30, 2024, to file an amended concise statement. Atty. Lemon sought an extension of time and was given until December 6, 2024, to file the statement. On December 2, 2024, Atty. Lemon filed a docketing statement which indicated that an **Anders** brief would be filed on appeal. No concise statement was ever filed by counsel in this case. This appeal followed.

Before we may consider any substantive claims on appeal we must address the self-described **Anders** brief filed by appointed counsel. Pursuant to **Anders** and its progeny, in order for counsel to withdraw, he must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d at 349, 361 (Pa. 2009). Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted).

Here, counsel failed to file either an amended Pa.R.A.P. 1925(b) statement, or a statement of intent to withdraw in the trial court. Further, no petition to withdraw has been filed with this Court. Moreover, counsel did not indicate that he sent a copy of the *Anders* brief to Appellant or advised Appellant of his right to retain new counsel or proceed *pro se*.

Nor does the *Anders* brief refer to anything in the record that counsel believes arguably supports the appeal. Counsel listed thirteen issues that Appellant sought to have addressed on appeal, but the entire argument section of the *Anders* brief reads as follows:

There are no meritorious claims presented by the Appellant for purposes of an appeal.

*Anders'* Br. at 6. This discussion is wholly inadequate as it does not include any citations to the record or pertinent legal authority.

- 3 -

Accordingly, we remand this matter to the trial court and direct counsel, within twenty days of the filing of this memorandum, to either file a petition for leave to withdraw and an **Anders** brief that comply with the requirements,[2] or file an advocate's brief. Should counsel petition to withdraw, we direct him to simultaneously inform Appellant of his rights. The trial court need not file another 1925(a) opinion, and the Commonwealth need not file another brief.

Remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.

---

[2] Although counsel failed to file an amended Rule 1925(b) statement or statement of intent to withdraw pursuant to Rule 1925(c)(4) in the trial court as required, we do not instruct him to do so at this time. Counsel's December 2, 2024, docketing statement stated that an **Anders** brief will be filed in this case. This conveyed the same intent as a statement pursuant to Rule 1925(c)(4). **See Commonwealth v. Carter**, 292 A.3d 1099 at *7 (Pa. Super. 2023). Further, the trial court and the Commonwealth were both able to thoroughly discuss the issues Appellant raised in his *pro se* 1925(b) statement.