J-S01009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHANZE STEPHEN BRYTE | : | |
| | : | |
| Appellant | : | No. 573 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 17, 2025
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000627-2024

BEFORE: BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: MARCH 13, 2026**

Chanze Stephen Bryte appeals from the judgment of sentence of six to twelve years of incarceration, followed by twelve months of reentry supervision, imposed after a jury convicted him of possession of a firearm prohibited. We affirm.

We glean the following underlying facts from the evidence offered at Appellant's trial. On the afternoon of January 25, 2024, Officer Terry Robatin of the Uniontown City Police Department responded to reports of a neighborhood dispute. Immediately upon turning onto Askren Street, he observed Appellant, with whom he was familiar, standing in the street with a firearm and arguing with a neighbor. Officer Robatin pulled over, exited his

_____

[*] Former Justice specially assigned to the Superior Court.

vehicle, drew his weapon, and ordered Appellant to drop the gun. He ignored the officer and walked into an apartment building. He remained inside the building for "half a minute or less" while Officer Robatin radioed for backup. Appellant then returned outside holding a cell phone instead of the firearm, raised his hands in the air while yelling "it's a cell phone," and proceeded to drop the phone before lowering himself to the ground. *See* N.T. Trial, 4/7/25, at 9.

After taking Appellant into custody, police on the scene searched in and around the structure to locate the weapon. Officer Robatin went into the foyer of the apartment building and made contact with individuals on the first floor who did not know Appellant but indicated that someone had hurriedly come into the building and gone to an upstairs apartment. The officer proceeded to the second and obtained consent to search one of the apartments, and ultimately recovered a loaded pistol from a bag of dirty clothes in the bathroom. The gun's appearance was consistent with the weapon he had observed in Appellant's possession. Officer Robatin's vehicle and body cameras recorded these events, and the jury viewed the videos.[1]

Appellant did not object to the officer's testimony that an occupant of the apartment had given consent for the search or the video footage memorializing the interactions. In fact, he elicited additional testimony about

_____

[1] It is unclear from the certified record whether the jury viewed the entirety of this footage or only select portions.

Officer Robatin's communications with the people he encountered in the residence on cross-examination:

> Q.   Now, someone else lets you search the apartment.  Correct?  The person who occupied it.  Correct?
>
> A.   Yeah.  The resident of the apartment.
>
> Q.   They consented to that search?
>
> A.   Yes.
>
> Q.   Did they lead you to the weapon?
>
> A.   No.
>
> Q.   But they did give you consent to search it?
>
> A.   Yes.
>
> Q.   But they just sat back and let you search the place?
>
> A.   Yes.
>
> Q.   This is a yes or no question.  Were you ever informed from anybody in that apartment that [it] was my client's gun?
>
> A.   No.

*Id*. at 14.

Pollice Chief Delbert DeWitt testified that he conducted a videotaped interview of  Appellant at the police station after he waived his rights in accordance with **Miranda v. Arizona**, 384 U.S. 436 (1966).  During the course of the interrogation, Appellant admitted not only to possessing the firearm, but to having fired it into the air earlier on the date of the incident. *Id*. at 27.  The jury viewed the pertinent portions of this video footage.

The Commonwealth's final witness established that Appellant had a 2014 felony conviction for possession of a controlled substance with intent to deliver ("PWID"). Thereafter, the Commonwealth moved to admit its exhibits into evidence, including the recovered firearm. Appellant objected on the basis that his Confrontation Clause rights would be violated by allowing its admission because the person who purportedly consented to the search of the apartment from which it was recovered did not appear at trial to be cross-examined. After confirming that Appellant had not pursued a pre-trial suppression motion, the trial court overruled the objection and admitted the weapon into evidence. *Id*. at 37.

The jury convicted Appellant of violating 18 Pa.C.S. § 6105(a)(1), which prohibits, *inter alia*, persons who have been convicted of PWID from using, possessing, or controlling a firearm. The trial court sentenced him as indicated above. Appellant filed no valid post-sentence motion,[2] but timely appealed to this Court. Appellant and the trial court subsequently complied with their respective Pa.R.A.P. 1925 obligations.[3]

_____

[2] Appellant submitted a *pro se* motion that was forwarded to counsel, but which the court properly disregarded. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super. 2007) (holding *pro se* post-sentence motion filed by a defendant who was represented by counsel was "a nullity, having no legal effect").

[3] Appellant filed a *pro se* document purporting to amend counsel's Rule 1925(b) statement, but that filing was likewise inoperative. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010).

Appellant presents the following question for our determination:

Did the court abuse its discretion by admitting the firearm into evidence when the firearm was found by police only because of the hearsay of another witness who accused [Appellant], which is in violation of the Confrontation Clause of the Sixth Amendment of the United States Constitution and Article I, [§] 9 of the Pennsylvania Constitution?

Appellant's brief at 4 (capitalization altered).[4]

We begin with the applicable legal principles. "The admission of evidence is committed to the sound discretion of the trial court[.]" **Commonwealth v. Bernarsky**, 348 A.3d 304, 325 (Pa.Super. 2025) (cleaned up). This Court will not disturb the trial court's decision "unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." **Id**. at 325-26 (cleaned up).

Both the federal and Pennsylvania constitutions guarantee "all criminal defendants the right to confront their accusers in a public trial. Thus, absent a defendant's opportunity to cross-examine a witness, that witness's out of court statements are not admissible at trial." **Commonwealth v. Walker**, ___ A.3d ___, 2026 WL 247429, at *18 (Pa. 2026). However, this right applies only to evidence that is testimonial in nature. **See Crawford v. Washington**, 541 U.S. 36 (2004). "Testimonial statements are statements

---

[4] We note with displeasure that the Commonwealth neither filed an appellate brief nor advised this Court of its intent to refrain from doing so.

made for the purpose of establishing or proving some fact. To determine whether a statement is testimonial or nontestimonial, courts consider whether the statements were made for the primary purpose of establishing or proving past events potentially relevant to later criminal prosecution." *Commonwealth v. Nabried*, 327 A.3d 315, 326 (Pa.Super. 2024) (cleaned up). Critically, "the Confrontation Clause's requirements apply only when the prosecution uses out-of-court statements for the truth of the matter asserted." *Smith v. Arizona*, 602 U.S. 779, 783 (2024).

Here, the trial court explained its decision to admit the firearm over Appellant's objection thusly:

> Officer [Robatin] requested to search one of the apartments and he located the firearm in the bathroom in the bottom of a bag of clothing. No testimony was presented that the residents directed the officers to the laundry bag or even admitted that the firearm was in the laundry bag. Officer Robatin testified that the residents in the apartment never informed him that the gun belonged to the Appellant. Nor did the residents lead the officer to the location of the weapon. Officer Robatin testified that the residents sat back and let him search.
>
> There was no objection to the questioning about the search of the apartment nor was there any abuse of discretion by the trial court [in] permitting the weapon to be admitted into evidence. Officer Robatin identified the weapon, located it without assistance, and the residents did not make any statements about the ownership of the firearm.

Trial Court Opinion, 6/25/25, at 3 (pagination supplied).

Appellant's argument that the trial court's ruling constitutes an abuse of discretion is, at bottom, as follows:

- 6 -

The Commonwealth used testimonial hearsay, *i.e.* the consenting occupant's out-of-court assertions, to justify admission of the firearm. The firearm was recovered solely because police conducted a search of a private, independent apartment at 62 Askren based on the occupant's purported consent. The occupant did not testify; the Commonwealth elicited from Officer Robatin that "the resident of that apartment" gave consent. The defense objected that admitting the firearm based on that absent witness's consent violated the Confrontation Clause.

The Commonwealth thus relied on the occupant's out-of-court statements, which were communicated to law enforcement in direct response to an active investigation, to establish the foundation to admit the recovered firearm. Those statements are testimonial: they were made to police officers during an investigation to facilitate a search and possible prosecution, and they were presented at trial through an officer to establish a crucial foundational fact necessary for admissibility of the seized evidence.

Appellant's brief at 10 (cleaned up).

Appellant is not entitled to relief. Significantly, he does not contend that the Commonwealth proffered hearsay statements suggesting that Appellant had possessed the firearm that was uncovered by the search. Indeed, it was Appellant, not the Commonwealth, who queried Officer Robatin about whether the non-testifying defendants implicated Appellant, and elicited from Chief Dewitt that the occupant of the apartment denied that Appellant had ever been there. *See* N.T. Trial, 4/7/25, at 14, 30.

Rather, evidence that Appellant claims was admitted in violation of his right to confront witnesses against him was the loaded pistol found in a bag of dirty laundry. That object contained no declarations "made for the primary

purpose of establishing or proving past events potentially relevant to later criminal prosecution." **Nabried**, 327 A.3d at 326 (cleaned up).

The statement that Appellant challenges, *i.e.*, that the occupant of the apartment from which the firearm was recovered consented to the search, likewise was not made to prove past events for use in a later prosecution.[5] Further, that statement did not provide the foundation for relevance of the evidence. The foundation was established by Officer Robatin's testimony that he found the weapon in the building into which he watched Appellant walk with a firearm, and it was consistent in appearance with what he saw in Appellant's hand. **See** Pa.R.E. 901(b) (indicating that an item of evidence may be identified by, *inter alia*, "[t]estimony that an item is what it is claimed to be," and "[t]he appearance . . . of the item, taken together with all the circumstances").

Moreover, it was not offered by the Commonwealth to prove the truth of the matter asserted. Appellant was not pursuing a motion to suppress the fruits of the search by asserting that it was invalid because he had an expectation of privacy in the area that was searched. At Appellant's trial, whether the occupants actually consented was not relevant to any issue the Commonwealth was seeking to prove. Hence, the admission of the firearm

_____

[5] As noted above, Appellant raised no objection, hearsay or otherwise, to the testimony about the occupant's consent.

obtained in the search did not violate Appellant's Sixth Amendment confrontation rights. *See Smith*, 602 U.S. at 783.

Stated plainly, Appellant's claim that the admission of the firearm violated his Confrontation Clause rights has no basis in law or fact. As such, the trial court properly admitted it over Appellant's objection. We accordingly have no cause to disturb his conviction or the resultant judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/13/2026