J-S44024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ABRAHAM CORDOBA | |
| Appellant | No. 2979 EDA 2015 |

Appeal from the Judgment of Sentence Entered August 25, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0005334-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 24, 2016**

Appellant, Abraham Cordoba, appeals from the August 25, 2015 judgment of sentence imposing six to twenty years of incarceration after he pled guilty to robbery.[1]  Counsel has filed a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

Appellant entered his negotiated guilty plea on June 22, 2015. Appellant admitted he held the victim at gunpoint and robbed him of a pair of Nike Air Jordan sneakers.  The Commonwealth agreed to a minimum sentence not to exceed six years of incarceration.  The Commonwealth also

---

[1]  18 Pa.C.S.A. § 3701(a)(1)(ii).

agreed not to pursue any charges other than robbery. The trial court imposed sentence in accordance with the parties' agreement. On September 3, 2015, Appellant filed a post-sentence motion challenging the twenty-year maximum term as excessive. The trial court denied Appellant's motion on September 9, 2015. This timely appeal followed.

Counsel's *Anders* Brief addresses Appellant's challenge to the trial court's sentencing discretion. Before we address the merits, we consider the adequacy of counsel's *Anders*/*Santiago* brief, which must comply with the following:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel must also advise the defendant of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007). We have reviewed counsel's filings and found them in

compliance with the foregoing. Appellant has not responded. We therefore proceed to the merits.

According to the **Anders** Brief, Appellant believes the twenty-year maximum sentence—the statutory maximum for robbery—is manifestly excessive. Prior to sentencing, the parties believed the agreed upon six-year minimum sentence fell at the top of the standard guideline range, given Appellant's prior record score. N.T. Sentencing, 8/25/15, at 2-3. According to the presentence investigation report, the applicable deadly weapon enhancement placed Appellant's minimum sentence in the mitigated guideline range. **Id.** In any event, this Court has held that when the appellant's minimum sentence falls within the guideline range, a challenge to the maximum does not raise a substantial question for appellate review in accordance with 42 Pa.C.S.A. § 9781(b). **Commonwealth v. Yeomans**, 27 A.3d 1044, 1049-50 (Pa. Super. 2011); **Commonwealth v. Kimbrough**, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*). In one exceptional case, this court found a substantial question where the sentencing court failed to explain its reasons for imposing an aggregate 90-year maximum on a 19-year-old defendant who was homeless and destitute when he sexually assaulted the victim. **Commonwealth v. Coulverson**, 34 A.3d 135, 143 (Pa. Super. 2011).

Relying on **Yeomans** and **Kimbrough**, counsel believes Appellant's challenge does not raise a substantial question. We agree. The instant case

is in accord with those two cases and does not implicate **Coulverson**, in which the sentencing court's aggregate maximum of 90 years created the possibility of a life sentence for a 19-year-old offender. Thus, a challenge to the twenty-year maximum sentence is not of arguable merit.

We have conducted an independent review of the record and discovered no other potential issues of arguable merit. We therefore affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2016