J-S89011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERNESTO MARTINEZ, | |
| Appellant | No. 1736 EDA 2015 |

Appeal from the PCRA Order May 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015196-2008

BEFORE:  SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 24, 2017**

Appellant, Ernesto Martinez, proceeding *pro se*, appeals from the order entered May 15, 2015, denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 ("PCRA").  For the reasons that follow, we vacate the PCRA court's May 15, 2015 order and remand the matter to the PCRA court for additional proceedings consistent with this memorandum.

The certified record reflects the following relevant procedural background of this matter.  Appellant and a co-defendant, Sameech Rawls, were tried before a jury for charges stemming from a shooting that killed one person and wounded two others. On March 10, 2010, Appellant was

_____

[*]  Former Justice specially assigned to the Superior Court.

convicted of first degree murder and lesser offenses and sentenced to mandatory life imprisonment. We affirmed Appellant's judgment of sentence on September 16, 2011. *Commonwealth v. Martinez*, 2399 EDA 2010, 34 A.3d 229 (Pa. Super. filed September 16, 2011) (unpublished memorandum), and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Martinez*, 40 A.3d 1235 (Pa. 2012). On October 1, 2012, the United States Supreme Court denied Appellant's petition for writ of *certiorari*. *Martinez v. Pennsylvania*, ___ U.S. ___, 133 S.Ct. 369 (October 1, 2012).

On August 22, 2013, Appellant filed a *pro se* PCRA petition raising an allegation of ineffective assistance of trial counsel. PCRA counsel entered his appearance, and on May 9, 2014, filed a no-merit letter and a motion to withdraw under *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).[1] In the no-merit letter, PCRA counsel averred that the PCRA petition was untimely because it was filed more than one year after Appellant's judgment of sentence became final. PCRA counsel's position on the timeliness was premised on the following representation to the PCRA court:

> In the present matter, [Appellant's] Petition for Allocatur was denied by the Pennsylvania Supreme Court on March 21, 2012. His judgment of sentence became final ninety days after

---

[1] PCRA counsel did not specifically cite *Commonwealth v. Turner* in his no-merit letter or in his motion to withdraw as counsel.

that date when [Appellant] did not file a Petition for Writ of Certiorari to the United States Supreme Court. Thus, judgment of sentence became final on or about June 21, 2012. [Appellant's] PCRA was filed on August 22, 2013. Thus, [Appellant's] PCRA was more than two months late and is untimely.

***Finley*** No-Merit Letter, 5/9/14, at 3.

The certified docket indicates that the trial court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition on May 13, 2014.[2] On June 6, 2014, Appellant filed a *pro se* motion to change counsel and to amend his PCRA petition. Appellant refuted PCRA counsel's representation that his petition was untimely by explaining that counsel failed to recognize that Appellant had petitioned the United States Supreme Court for review of his judgment of sentence, and the Supreme Court denied his petition on October 1, 2012. Thus, Appellant averred that his PCRA petition was timely. Appellant also requested leave to amend his PCRA petition to assert two additional claims of ineffectiveness of counsel.

On June 27, 2014, the PCRA court granted a motion for continuance citing, "Defense Request for Further Investigation to Petitioner's Response to 907 Notice." Docket, 6/27/14. By this language, we deduce that the PCRA

_____

[2] The record certified on appeal is deficient in several respects. The May 13, 2014 docket entry simply states, "Hearing", and it is only by reference to subsequent entries that we can ascertain that Pa.R.Crim.P. 907 notice was issued by the PCRA court on that date. Additionally, except for the case-concluding May 15, 2015 order dismissing Appellant's PCRA petition and permitting PCRA counsel to withdraw, the record on appeal does not include the text of any orders or notices filed by the PCRA court in these proceedings.

court viewed Appellant's *pro se* motion to change counsel and amend his petition as a permissible response to the PCRA court's proposed dismissal of his petition. **See** Pa.R.Crim.P. 907 ("The defendant may respond to the proposed dismissal [of the petition] within 20 days of the date of the notice."). If a response is filed, the PCRA court "thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue." **Id.** A further continuance for the identical reason was granted by the PCRA court on August 22, 2014.

On October 4, 2014, PCRA counsel filed an amended **Finley** letter and a second motion to withdraw. Counsel acknowledged that his original assertion that Appellant's petition was untimely was incorrect and proceeded to address the sole ground for collateral relief raised in Appellant's original *pro se* petition, *i.e.*, that trial counsel was ineffective when he failed to object to Rawls's counsel's cross-examination of one of the victims, Luis Rodriguez, with a prior statement given by Rodriguez. PCRA counsel concluded that Appellant's claim was meritless.

On December 16, 2014, Appellant filed a *pro se* document in opposition to the **Finley** letter challenging PCRA counsel's legal assessment of his original ineffectiveness claim and faulting counsel's failure to address the two additional assertions of trial counsel's deficient representation raised in Appellant's motion to amend the petition. However, because Appellant was represented by counsel, the prohibition on "hybrid representation" precluded the PCRA court from ruling on the merits of this *pro se* motion.

*See Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (describing counseled defendant's *pro se* post-sentence motion as "a nullity, having no legal effect").

On January 16, 2015, the PCRA court sent Appellant a second Pa.R.Crim.P. 907 notice of intent to dismiss his petition. Appellant filed a *pro se* response to the Rule 907 notice, reiterating his position that PCRA counsel's no-merit letter failed to address his supplementary ineffectiveness claims. On May 15, 2015, the PCRA court dismissed Appellant's petition and granted counsel's motion to withdraw. Appellant timely appealed.

Appellant raises the following issues on appeal:

> A. Was not trial counsel ineffective for failing to object to the reading and showing of [the victim's] out-of-court statement?
>
> B. Was not PCRA counsel ineffective for failing to raise trial counsel['s] [ineffectiveness] for failing to object to [the prosecutor's] questions, and Officers William Hunter['s] and Detective Gregory Santamala testimony concerning [the victim]?
>
> C. Was not trial counsel ineffective for failing to file a motion [*in limine*] to exclude the prejudicial .38 caliber revolver?

Appellant's Brief at 6 (full capitalization omitted).

We begin by reference to the PCRA court's Pa.R.A.P. 1925(a) opinion wherein the court rejected Appellant's assertion that trial counsel was ineffective for failing to object to Rawls's counsel's cross-examination of Rodriguez. PCRA Court Opinion, 3/11/16, at 4–6. The PCRA court did not consider Appellant's other allegations of ineffectiveness or mention

Appellant's response to the second 907 notice that cited PCRA counsel's failure to address these additional claims.

On December 5, 2016, the Commonwealth filed a letter *in lieu* of a brief in this Court. Therein, the Commonwealth represented that it was:

> constrained to agree with [Appellant] that his appointed counsel's "no merit" letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) was defective in that it did not address two of the three issues [Appellant] attempted to raise *pro se*. Accordingly, the Commonwealth does not oppose a remand for the appointment of counsel and the filing of a new **Finley** letter or an amended petition.

Commonwealth's Letter, 12/5/16, at unnumbered 1–2.

Given the general procedural deficiencies in these proceedings, the PCRA court's failure to rule on Appellant's motion to amend his petition, and the Commonwealth's characterization of PCRA counsel's no-merit letter as defective, in the interest of justice we vacate the PCRA court's May 15, 2015 order denying Appellant's petition. Additionally, we direct the PCRA court to appoint new counsel within fifteen days of the date of this memorandum for the filing of a counseled PCRA petition, followed by the PCRA court's review in the first instance within forty-five days.

Order vacated. Case remanded for consistent proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/24/2017</u>