J-S95014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICHOLAS JAMES BOSSONS | |
| Appellant | No. 1724 EDA 2016 |

Appeal from the Judgment of Sentence Entered February 20, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0000794-2012

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 13, 2017**

Appellant, Nicholas James Bossons, appeals *nunc pro tunc* from the February 20, 2015 judgment of sentence imposing an aggregate thirty to sixty years of incarceration for attempted murder,[1] robbery,[2] aggravated assault,[3] and several related offenses.  Counsel has filed a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[1]  18 Pa.C.S.A. §§ 901 and 2501.

[2]  18 Pa.C.S.A. § 3701.

[3]  18 Pa.C.S.A. § 2702.

Appellant's convictions arose from a January 10, 2014 incident in which Appellant entered the home of the victim, Jeffrey Janos, uninvited, stabbed Janos multiple times over the course of ten to fifteen minutes, and stole a video game console. Police apprehended Appellant in his apartment the same day. In Appellant's apartment, police found a trail of blood and a bloodstained bag that contained a video game console. The video game console was later identified as belonging to Janos. Appellant struggled with and elbowed one of the arresting officers and attempted to flee his apartment.

Trial commenced on December 1, 2014. The Commonwealth introduced several incriminating statements Appellant made after police apprehended him. Janos testified and provided a first-hand account of the assault. On December 4, 2014, a jury found Appellant guilty of the aforementioned offenses. The trial court imposed sentence on February 20, 2015, and Appellant filed a timely post-sentence motion on March 2, 2015. The trial court denied the post-sentence motion on June 4, 2015. Appellant failed to file a direct appeal. On December 29, 2015, Appellant filed a timely PCRA[4] petition seeking reinstatement of his direct appeal rights. On May 27, 2015, the PCRA court granted relief with no opposition from the

_____

[4] 42 Pa.C.S.A. §§ 9541-46.

Commonwealth. Appellant filed this timely *nunc pro tunc* appeal on May 31, 2015.

Appointed counsel has filed a brief and petition to withdraw under **Anders** and **Santiago**. Before we address the merits, we consider the adequacy of counsel's compliance with these requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel must also advise the defendant of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007). We have reviewed counsel's filings and found them in compliance with the foregoing. We will now consider the merits.

The **Anders** Brief addresses four issues, the first of which is the trial court's decision to grant the Commonwealth's motion *in limine* to admit Appellant's incriminating pretrial statements. In particular, Appellant said

the following to a police officer: "I'm a piece of shit and I'm wanted and I'm on work release." N.T. Trial, 12/2/2014, at 96. Appellant would argue that the reference to work release was unfairly prejudicial because it reveals prior criminal activity. The Commonwealth sought to admit the statement as evidence of Appellant's motive for fighting with one of the arresting police officers. The trial court admitted the statement subject to a limiting instruction that the statement was relevant only as evidence of Appellant's motive for assaulting and resisting the police officer.

We review a trial court's decision to grant or deny a motion *in limine* for abuse of discretion. **Commonwealth v. Stokes**, 78 A.3d 644, 654 (Pa. Super. 2013), *appeal denied*, 89 A.3d 661 (Pa. 2014). Rule 404(b) of the Pennsylvania Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). Rule 404(b) also provides

> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(2).

In **Commonwealth v. Tedford**, 567 A.2d 610 (Pa. 1989), the Supreme Court affirmed the trial court's decision to permit a witness to reference to the defendant's work release. According to the witness, the

- 4 -

defendant murdered his rape victim because the defendant feared the repercussions if she went to the police, especially because the defendant was on work release. *Id.* at 621-23. The instant case is similar, in that Appellant committed a serious felony while under a work release sentence from another offense. His consciousness of the work release violation helped explain the actions for which he faced trial in this case. We discern no abuse of discretion in the trial court's decision to admit the reference to Appellant's work release as evidence of his motive to elbow a police officer and resist arrest.

Next, the *Anders* Brief addresses an apparent rift between Appellant and his trial counsel. The record reveals that Appellant entered, and then withdrew, a guilty plea. Subsequently, the Commonwealth offered another plea bargain. Appellant refused to plead guilty. He stated on the record that he was upset with counsel's recommendation that he accept the Commonwealth's offer of a twelve to twenty-four year sentence recommendation. Appellant did not, however, ask for appointment of different counsel. The *Anders* brief correctly notes that this issue is not preserved for direct appeal because the trial court never denied any motion for appointment of new counsel.

Third, the *Anders* Brief addresses the sentencing court's decision not to merge the attempted murder and aggravated assault offenses. This issue implicates the legality of Appellant's sentence. ***Commonwealth v.***

***Petterson***, 49 A.3d 903, 911 (Pa. 2012), *appeal denied*, 68 A.3d 776 (Pa. 2013). Merger is governed by statute:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

Here, the sentencing court found that the attempted murder and aggravated assault offense under § 2702(a)(1)[5] did not arise from a single criminal act because Appellant stopped his stabbing assault of Janos, searched Janos' home and removed the game console from Janos' television, and then resumed assaulting Janos, this time by beating him with a metal detector. N.T. Sentencing, 2/20/2015, at 16. In ***Commonwealth v. Belsar***, 676 A.2d 632 (Pa. 1996), the defendant shot the victim, then broke off the assault to look for the victim's car keys, then kicked the victim when he discovered he was not dead. The Supreme Court reasoned: "When a criminal act has been committed, broken off, and then resumed, at least two crimes have occurred and sentences may be imposed for each. To hold that multiple assaults constitute only one crime is to invite criminals like Belsar to

---

[5] The Commonwealth charged Appellant under § 2702(a)(1) and (4). The latter—aggravated assault with a deadly weapon—merged with attempted murder because both charges arose from the stabbing. The charge under subsection (a)(1) arose from the subsequent beating with the metal detector. ***See*** N.T. Sentencing, 2/20/2015, at 16-17.

brutalize their victims with impunity." ***Id.*** at 634. ***Belsar*** is directly on point and controlling. We agree with counsel that this issue lacks arguable merit.

Finally, the **Anders** Brief addresses the sufficiency of the evidence.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014).

As summarized above, the record contains overwhelming evidence of Appellant's guilt. Janos provided an eyewitness account of the entire assault, and the jury was entitled to credit his testimony. In addition, Appellant made incriminating statements to police, and police retrieved Janos' missing video game console from a bloodstained bag in Appellant's apartment. Testing confirmed the presence of Janos' DNA on the game

console found in Appellant's home. We agree with counsel's assertion that a challenge to the sufficiency of the evidence lacks arguable merit.

We now consider Appellant's response to counsel's petition to withdraw. Appellant's response raises one issue we have yet to address, that being the sentencing court's exercise of discretion.[6] The record reflects that Appellant preserved this issue in a post-trial motion for modification of his sentence.[7] Appellant asserts:

> Challenging the sentence; Appellant was convicted of an incohante [sic] crime under the prior crime of violence sentence enhancement provisions of the sentencing guidelines and mandatory sentencing statute; and the trial court double counted [Appellant's] offense for sentencing purposes, whereas the offenses were counted to calculate his prior record score and again in grading the gravity of the offenses and as sentencing enhancements.

Appellant's Opposition to Counsel's Motion to Withdraw, at ¶ 2. Appellant also asserts that the trial court focused entirely on the severity of the offense and not on Appellant's history and prospects for rehabilitation." *Id.*

---

[6] To preserve this issue, an appellant must raise it in a post-sentence motion, file timely appeal, include a Pa.R.A.P. 2119(f) statement in his or her brief, and present a substantial question for review. **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013).

[7] Appellant has not provided a Pa.R.A.P. 2119(f) statement, but the Commonwealth has not objected to its absence. This defect is waived absent an objection from the Commonwealth. **Commonwealth v. Karns**, 50 A.3d 158, 166 (Pa. super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013).

Assuming without deciding that these present substantial questions, the record does not support Appellant's assertions. The sentencing transcript reflects the following:

> The guidelines have been provided to the Court with the presentence investigation. They indicate [Appellant] has a prior record score of 5 based on his previous conviction of robbery as a felony of the first degree and various misdemeanors. ]
>
> The deadly weapon used enhancement applies to the attempted murder count, the robbery count, and the aggravated assault count under Section 2702(a)(1). The jury made a specific finding that the defendant did, in fact, use a deadly weapon during the commission of these three offenses.
>
> In addition, based upon the evidence of record and the specific findings by the jury on the verdict sheet, the court hereby makes an independent finding that a deadly weapon was used during the commission of the crimes of attempted murder, robbery and aggravated assault under Section 2702(a)(1) of Title 18 to satisfy the requirements of Section 303.10(a)(2).[8]
>
> As such, the Court will use the deadly weapon enhancement used matrix under Section 303.18. Accordingly, based on [Appellant's] prior record score and the applicability of the deadly weapon used enhancement, the relevant guidelines are as follows:

N.T. Sentencing, 2/20/2015, at 10-11. The court went on to describe the guideline range for each offense. *Id.* at 11-13. We discern no abuse of discretion. The prior record score, the offense gravity score, and the deadly

---

[8] The reference is to 204 Pa. Code § 303.10(a)(2), which provides that the sentencing court shall apply the Deadly Weapon Enhancement (DWE) sentencing matrix when the court finds the defendant used a deadly weapon during the commission of an offense. The jury finding was necessary for Appellant's conviction under § 2702(a)(4), aggravated assault with a deadly weapon.

weapon enhancement are separate items, each of which contributes to the applicable sentencing guideline range for a given offense. The record contains no evidence of improper double counting.

Likewise, the record contains no support for Appellant's assertion that the trial court ignored Appellant's characteristics and rehabilitative needs. Counsel apprised the sentencing court of some of the difficulties of Appellant's upbringing, including his mother's heroin addiction. N.T. Sentencing, 2/20/2015, at 20. Counsel also argued that a lengthy sentence would not serve Appellant's rehabilitative needs. *Id.* at 22-25. Appellant was only 24 years old at the time of sentencing. *Id.* at 24. The court was also apprised of the impact of the crime on Janos, who is now unable to care for his ten-year-old son. *Id.* at 27. Janos' ability to work as a self-employed construction and home improvement contractor is severely limited. *Id.* at 27-28. Janos suffered permanent nerve damage. *Id.* at 29. The sentencing court noted Appellant's prior unsuccessful attempts at rehabilitation and his psychological issues. *Id.* at 35-38. The sentencing court expressly noted its consideration of statements offered by Appellant and his counsel. *Id.* at 37. The record confirms that the trial court considered all pertinent information in deciding on an appropriate sentence. *Id.* at 38-40. We discern no arguable merit in a challenge to the trial court's sentencing discretion.

In summary, we have considered the issues set forth in the **Anders** Brief and in Appellant's response to counsel's petition to withdraw. We have also conducted our own independent review of the record. We discern no issues of arguable merit, and therefore we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017