J. A15036/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
             v.              :
                                 :
SCOTT FAUX,                  :         No. 1395 MDA 2017
                                 :
            Appellant     :

Appeal from the Judgment of Sentence, August 9, 2017,
in the Court of Common Pleas of Wyoming County
Criminal Division at No. CP-66-CR-0000160-2017

BEFORE:  PANELLA, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED AUGUST 09, 2018**

Scott Faux appeals the August 9, 2017 judgment of sentence in which the Court of Common Pleas of Wyoming County sentenced him to a term of imprisonment of 16 to 36 months for possession of a controlled substance (heroin).[1]  After careful review, we affirm.

The facts, as stated by the trial court, are as follows:

> On January 17, 2017 Wyoming County Detective David A. Ide along with Troopers from Pennsylvania State Police and Tunkhannock Borough Police obtained a search warrant and executed same for the residence of Timothy Egan.  Upon arrival at Egan's residence[,] he was advised of the existence of the search warrant.  As the search of the residence began, in the presence of Egan, his cell phone continually rang.  Egan subsequently advised that he did sell heroin to the Confidential Informant the previous date, mentioning the Confidential Informant by name.

---

[1] 35 P.S. 780-113(a)(16).

Egan further identified a white male and female in the small dark colored car, who delivered the heroin to his residence the previous night as [appellant] and his girlfriend.

While continuing the search, Egan's [sic] received a text message from [appellant], making arrangement [sic] for the delivery of heroin from [appellant] to Egan. Egan consented to cooperating with the officers and texted [appellant] confirming the arrangement for [appellant] to deliver heroin to Egan at Egan's residence in the next twenty minutes. [Appellant] advised via text he was in the Wal-Mart parking lot and was concerned because he observed marked police cars at the entrance of Egan's trailer park.

The officers then proceeded to Wal-Mart and located [appellant], in his small dark colored vehicle. [Appellant] was approached and advise [sic] of the nature of the investigation. At which point [appellant] made voluntary statements implicating himself in the use of heroin and the sale of heroin to Egan. [Appellant] was advised of his **Miranda**[2] warnings and verbally waived same. [Appellant] then stated he was obtaining heroin from a male in the Cook's Trailer Park and that he was delivering same to Egan in Diamonds Trailer Park. [Appellant] was then taken into custody and transported to the Pennsylvania State Police Barracks, for violations of the conditions of his parole supervision.

Detective Ide had previous knowledge of [appellant] being on State Parole for heroin use and past delivers [sic] and he therefor [sic] contacted [appellant's] State Parole Agent to advise him of the above.

As a result, on or about June 1, 2017 [appellant] was charged with 35 Ps.C.S.A. [sic] 113(a)[(]30[)] Criminal Conspiracy to Commit/Manufacture, Deliver or Possession with Intent to Deliver graded a felony;

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

18 Pa.C.S.A. § 7512(a) Criminal use of Communication Facility graded a felony in the third degree; and 35 Pa.C.S.A. [sic] 113(a)[(]16[)] Criminal Attempt/Possession of Controlled Substance graded a misdemeanor.

[Appellant] plead [sic] guilty on July 7, 2017 to count three, Criminal Attempt/Possession of a Controlled Substance, second offense. After review of an extensive Pre Sentence Investigation report [appellant] was sentenced on August 9, 2017 to pay the cost of prosecution, pay a fine in the amount of $500.00, be committed to the Department of Corrections for confinement in a state institution for a period of note [sic] less than sixteen months nor more than thirty-six months and stand committed until the same is complied with. [Appellant] shall receive credit for prior confinement in the amount of one hundred . . . ninety-five (195) days. [Appellant] shall be eligible for an RRRI minimum sentence of twelve (12) months. [Appellant] shall obtain a drug and alcohol evaluation and follow any and all recommended treatment plans until satisfactorily discharged.

Trial court opinion, 10/23/17 at 1-3 (citation omitted).

On September 8, 2017, appellant filed a notice of appeal. On September 11, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the order on September 26, 2017. The trial court filed its Pa.R.A.P. 1925(a) opinion on October 23, 2017.

Appellant raises the following issues for this court's review:

1. Did the [trial c]ourt err and abuse its discretion by failing to consider the sentencing guidelines as required by law and failing to provide adequate reasons for its imposition of sentence at the highest end of the sentencing guidelines?

- 3 -

2. Did the [trial c]ourt err and abuse its discretion by failing to consider the sentencing code as a whole in its deviation from the sentencing guidelines and its imposition of an unreasonable and excessive sentence at the highest end of the sentencing guidelines?

3. Did the [trial c]ourt err and abuse its discretion by failing to consider or give appropriate weight to the circumstances of the offense, [appellant's] background, mitigating circumstances, and/or refusing to reduce the sentence imposed of [not less than] sixteen (16) months nor more than thirty-six (36) months?

Appellant's brief at 4-5.

Appellant challenges the discretionary aspects of his sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010) (citation omitted).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging the discretionary aspects of his sentence. First, appellant timely filed his notice of appeal. However, the Commonwealth points out that appellant did not raise his sentencing claim either at the sentencing hearing or by filing a timely post-sentence motion. A review of the record confirms that appellant did not preserve the issues before the trial court that he now raises before this court. As a result, these issues are waived. ***See Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa.Super. 2007), ***appeal denied***, 936 A.2d 40 (Pa. 2007)

J. A15036/18

("an appellant can seek to appeal discretionary sentencing issues only after preserving them during the sentencing hearing or in post-sentence motions"), citing **Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa.Super. 2006).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2018

- 6 -