**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYQUAN CORNELL JOHNSON | : | |
| | : | |
| Appellant | : | No. 883 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 25, 2023
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000808-2022

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: AUGUST 5, 2024**

Tyquan Johnson appeals from his judgment of sentence entered in the Beaver County Court of Common Pleas ("trial court") for, *inter alia*, person not to possess a firearm after he was involved in a shootout that left the other person involved dead. Johnson claims on appeal that the *pro se* notice of appeal he filed while still represented by trial counsel constituted a waiver of his right to counsel, which required a full on-the-record colloquy establishing that this waiver was valid. He also argues the court erred by dismissing the post-sentence motion his counsel filed after Johnson filed his *pro se* notice of appeal without first conducting a waiver colloquy. As we find these claims do not afford Johnson any relief, we affirm.

The facts underlying Johnson's convictions are not germane to this appeal. In contrast, the procedural history following Johnson's conviction is

central to his issues on appeal, and we therefore recount that history in some detail.

Johnson was charged with third-degree murder and numerous firearms violations. Following a nonjury trial, at which Johnson was represented by privately retained counsel, Attorney Steven Valsamidis, the trial court found Johnson acted in self-defense and therefore found him not guilty of third-degree murder. However, the trial court found Johnson was guilty of several firearms violations, including person not to possess a firearm. On July 25, 2023, the court sentenced Johnson to an aggregate term of 16 to 32 years' imprisonment.

Three days after sentencing, and while he was still represented by Attorney Valsamidis, Johnson filed a *pro se* notice of appeal with the trial court. On the same day, July 28, 2023, Johnson also filed a *pro se* motion with the trial court entitled "Motion for Appointment of Counsel." In that motion, Johnson represented that his family no longer had funds to pay Attorney Valsamidis. Johnson also represented that he could not otherwise afford an attorney and he therefore asked the court to appoint counsel to assist him with his appeal. The clerk of courts time-stamped and noted the filing of the *pro se* motion and *pro se* notice of appeal on the docket. Because Attorney Valsamidis was still the counsel of record for Johnson, the clerk of courts also sent a copy of the time-stamped filings to Attorney Valsamidis as well as to the Commonwealth.

On August 3, 2023, Attorney Valsamidis filed a motion for post-sentence relief. This motion for post-sentence relief included a motion for the appointment of counsel. The motion stated that Johnson was unable to procure the necessary funds for Attorney Valsamidis's continued representation and Johnson therefore required the appointment of appellate counsel. The motion further provided that Johnson's "desired intent has been memorialized by [his] *pro se* handwritten Motion for Appointment of Counsel that he has recently filed with the [c]ourt following sentencing." Motion for Post-Sentence Relief, 8/3/2023, at 4 (unpaginated).

The trial court issued an order on August 10, 2023, directing the *pro se* notice of appeal to be docketed and forwarded to this Court pursuant to Pa.R.A.P. 902 (generally addressing notices of appeal) and Pa.R.A.P. 121(g) (listing a *pro se* notice of appeal as one of the documents to be accepted for filing even when the appellant is represented by counsel). In the same order, the trial court deemed the counseled motion for post-sentence relief to be moot as jurisdiction now rested with this Court. **See** Pa.R.A.P. 1701 (stating that, except as otherwise provided by the Rules, the trial court may no longer proceed further in a matter after an appeal is taken).

In a second order entered on August 10, 2023, the trial court directed Johnson to file a Pa.R.A.P. 1925(b) statement. On August 22, 2023, Johnson filed his timely Rule 1925(b) statement and also sent *pro se* correspondence

to the trial court once again asking the court to appoint him counsel for his appeal.

Two days later, Attorney Valsamidis filed a motion to withdraw from representation. The following day, August 25, 2023, the court granted Attorney Valsamidis leave to withdraw and further ordered Attorney Kevin Kindred of the Office of the Beaver County Public Defender to be appointed as counsel for Johnson. Attorney Kindred filed an application to file an amended Rule 1925 statement, which the trial court granted.

After counsel filed the amended statement, the trial court issued a responsive Rule 1925(a) opinion. It found the evidence was sufficient to sustain the firearm violation convictions, the sentences for the firearm violations did not merge and it had not abused its discretion by imposing an excessive sentence. The court also found that Johnson's *pro se* notice of appeal did not constitute a waiver of the right to appellate counsel, requiring a full on-the record colloquy. The court further concluded it had properly dismissed the counseled motion for post-sentence relief as moot, distinguishing the instant case from **Commonwealth v. Cooper**, 27 A.3d 994, 1008 (Pa. 2011) (holding that, under the circumstances and procedural missteps of that case, the appellant's *pro se* notice of appeal filed while represented by counsel was not a legal nullity but should have been viewed by this Court as a premature appeal that was perfected once the trial court properly considered and denied the counseled, timely post-sentence motion

- 4 -

filed after the *pro se* notice of appeal). Nevertheless, the court found that, even if the post-sentence motion were not moot, the Second Amendment issue raised in Johnson's post-sentence motion lacked merit.

Johnson now raises the following two issues in his Statement of Questions Involved:

I.      Did [Johnson's] *pro se* filing of the notice of appeal under Pa.R.A.P. 121(g) constitute a waiver of the right to counsel requiring an on-the-record determination that the waiver was a knowing, intelligent, and voluntary one?

II.     Did the court err in denying the motion for post-sentence relief filed by counsel subsequent to the *pro se* notice of appeal, where no on-the-record determination was made that the waiver of the right to counsel was a knowing, intelligent, and voluntary one?

Appellant's Brief at 7 (unnecessary capitalization and suggested answers omitted).

We address Johson's second claim first as he completely fails to address it in any way in the argument section of his brief. His argument section contains only one heading, which is clearly related to the first issue and marked as "Argument I," and he provides argument for only that issue. Johnson does not provide any heading related to his second question involving the post-sentence motion filed by counsel and dismissed by the court as moot. He also does not offer any argument dedicated to this second question posed in his Statement of Questions Involved.

Johnson has waived his second claim by his wholesale abandonment of this issue in his appellate brief. "It is not the obligation of an appellate court

- 5 -

to formulate an appellant's arguments for him." ***Commonwealth v. Armolt***, 294 A.3d 364, 377 (Pa. 2023) (citation and brackets omitted). Additionally, Johnson's brief's deficiencies amount to a failure to comply with our Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2119(a) (stating, "The argument shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part—in distinctive type or in type distinctively displayed— the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). We therefore find this claim is waived. ***See*** Pa.R.A.P. 2101 (stating that if the appellant's brief on an issue does not comply with the Rules, the issue may be dismissed); ***Commonwealth v. Love***, 896 A.2d 1276, 1287 (Pa. Super. 2006) (stating that a claim that is not sufficiently developed is waived).[1]

---

[1] We recognize the trial court dismissed the counseled post-sentence motion on the basis that it was moot as the court no longer had jurisdiction to consider the motion. Johnson makes no argument that his second claim implicates a nonwaivable jurisdictional issue, as he makes no argument in support of his claim at all. Instead, the only hint we have regarding Johnson's argument as to why he believes the trial court acted improperly by dismissing the counseled post-sentence motion is from his Statement of Questions Involved. There, he asserts the trial court improperly dismissed the counseled post-sentence motion without first conducting a waiver colloquy. As noted above, the trial court carefully explained in its Rule 1925(a) opinion the reasons why it opined it had properly dismissed the post-sentence motion. ***See*** Trial Court Opinion, 11/17/2023, at 32-37. Johnson does not acknowledge this analysis, much less challenge it in any way. ***See Armolt***, 294 A.3d at 377-78 (holding that when the appellant did not forward any claim that his claims implicated the legality of his sentence so as to be nonwaivable, his claims were subject to a finding of waiver for failure to sufficiently develop them).

Turning to Johnson's first claim, Johnson asserts that he "waived his right to counsel by filing his *pro se* notice of appeal and in the process waived issues that he could have preserved had he filed post-sentence motions." Appellant's Brief at 14. He argues that because he chose to waive his right to appellate counsel by filing a *pro se* notice of appeal, the trial court was required to conduct a full on-the-record colloquy to determine whether this waiver was knowing, intelligent and voluntary pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and Pa.R.A.P. 121(g). Because no such colloquy was conducted here, Johnson maintains the trial court erred by accepting his *pro se* notice of appeal for filing. This claim fails.

In rejecting this issue, the trial court observed that the most glaring problem with Johnson's claim was that, although Johnson filed a notice of appeal *pro se* to preserve his appellate rights, he did not make any request to waive his right to appellate counsel and proceed *pro se* on the appeal. In fact, he did the opposite, asking that he be appointed new counsel for his appeal because he could no longer afford the counsel he had privately retained for trial. Johnson was, the trial court emphasized, represented by counsel at all relevant times, and never asked that he be permitted to proceed *pro se*, triggering the need for a waiver colloquy. The trial court elaborated:

> [Johnson] filed a series of *pro se* filings with the Beaver County Clerk of Courts shortly after sentencing, specifically a Notice of Appeal to the Superior Court and a document entitled "Motion for Appointment of Counsel" which included the following request:

I was previously represented by Steve Valsamidis in the case, and he was paid by my family who have exhausted their funds. Wherefore, petitioner respectfully request[s] that this court assign counsel to represent him in the above entitle[d] appeal without fees or cost to the defendant.

At the time the *pro se* documents were received by the Beaver County Clerk of Courts, Attorney Valsamidis was still counsel of record for [Johnson]. Historically, the Supreme Court of Pennsylvania has not accepted *pro se* documents for filing when an appellant is represented by counsel as hybrid representation is typically prohibited. However, in ***Commonwealth v. Williams*** [151 A.3d 621 (Pa. Super. 2016), the Superior Court] stated "because a notice of appeal protects a constitutional right [to appeal], it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief. We thus hold that this Court is required to docket a *pro se* notice of appeal despite [an] [a]ppellant being represented by counsel."

Here, [Johnson] asks if his *pro se* notice of appeal under Pa.R.A.P. 121(g) constituted a waiver of the right to counsel, requiring the trial court to hold an on-the-record determination that the waiver was a knowing, intelligent and voluntary one. We first turn to the plain language of Rule 121(g), which [provides]:

> **(g) Hybrid representation.**—Where there is counsel of record, a party may file only the following documents *pro se*: (i) a notice of appeal; (ii) a request to change or remove counsel; (iii) a response to a motion to withdraw that has been filed by counsel of record; (iv) a complaint that existing counsel has abandoned the party; or (v) an application to file a petition for allowance of appeal *nunc pro tunc*. Any other document that a party attempts to file *pro se* will be noted on the docket but not accepted for filing. This rule is not intended to provide an independent basis for jurisdiction where it does not otherwise exist.
>
> [Pa.R.A.P. 121(g) (emphasis added by trial court removed)].

The rules allow for a *pro se* Notice of Appeal to be filed when a party is represented by counsel. Further, this rule allows an [a]ppellant to request to change counsel of record. In the case before us, [Johnson] made both filings in the same day: (1) a notice of appeal, and (2) a request for appointment of counsel as he could no longer afford the services of his private trial attorney.

***Commonwealth v.*** [***Grazier***, on which Johnson relies,] established the need for an on-the record determination when an [a]ppellant exercises a waiver of the right to counsel in post-conviction and appellate stages. The Supreme Court of Pennsylvania held that such a request to proceed *pro se* must be "timely and unequivocal" and "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent and voluntary one."

Turning to the case before us, [Johnson] never made a timely or unequivocal request to proceed to the Superior Court *pro se*, without the assistance of counsel. In fact, [Johnson] specifically requested the assistance of court-appointed counsel the same day he filed a *pro se* Notice of Appeal at the trial court. Therefore, this court did not require an on-the-record determination to establish a waiver of counsel.

Counsel of record was removed at the request of [Johnson] and the subsequent request to withdraw made by Attorney Valsamidis [and,] until that request was granted, [Johnson] continued to be represented by trial counsel. In granting Attorney Valsamidis'[s] request to withdraw, this court appointed Attorney Kindred to assist [Johnson] at [Johnson's] request. A waiver of the right to counsel was never at issue in this case, as [Johnson] was afforded representation at each and every point in time. At no time in this case was [Johnson] without counsel.

Trial Court Opinion, 11/17/2023, at 29-32 (footnotes omitted; last full paragraph divided into two paragraphs).

We see no error in the trial court's conclusion that Johnson did not request that he be allowed to proceed *pro se* and as such, no on-the-record colloquy was required.

Johnson's arguments to the contrary are not compelling. First, his reliance on **Grazier,** as the trial court found, is unavailing. **Grazier** involved an appellant who made repeated and unequivocal requests to remove appellate counsel and conduct his appeal *pro se*. As the trial court made clear, this was not the case here.

Johnson also seems to argue that when a counseled appellant files a *pro se* notice of appeal pursuant to Rule 121(g), that filing constitutes, in effect, a *de facto* waiver of appellate counsel. As the Commonwealth points out, however, nothing in the text of the Rule supports such a contention or requires the court to conduct a waiver colloquy prior to accepting the *pro se* notice of appeal. Instead, again as the Commonwealth points out and the trial court indicated, requiring the courts to accept a *pro se* notice of appeal pursuant to Rule 121(g) is meant to protect one's right to appeal despite the general rule against hybrid representation. **See Williams**, 151 A.3d at 624.

Moreover, the Note to Rule 121(g), in our view, only serves to clarify that the Rule is meant to preserve a counseled defendant's right to appeal and does not contemplate that the filing of a *pro se* notice of appeal pursuant to Rule 121(g) constitutes a *de facto* waiver of the right to appellate counsel. To that end, the Note provides that "if a *pro se* notice of appeal is filed, it will satisfy the timeliness requirement for the filing of a notice of appeal. Counsel of record will, however, be obligated to prosecute that appeal." Pa.R.A.P. 121(g), Note. As such, the Note clearly suggests that the mere filing of a *pro*

*se* notice of appeal while still represented by counsel will secure the timeliness of the appeal but will not disturb the status of counsel of record or otherwise represent the equivalent of the appellant explicitly stating his wish to proceed *pro se*.

In this case, when Johnson filed his *pro se* notice of appeal, he simultaneously requested a change in the counsel of record by filing a *pro se* motion asking the trial court to appoint him appellate counsel since he could no longer afford his retained trial attorney. After trial counsel filed a motion to withdraw, the trial court granted the motion and appointed Johnson appellate counsel, just as Johnson requested. At no time was Johnson without counsel of record. As the Commonwealth cogently argues: "The court could not be required to conduct a waiver of counsel colloquy when [Johnson] was, at all times, represented by counsel" at his request. Appellee's Brief at 6. No relief is due.[2]

_____

[2] Johnson argues that a full colloquy should take place before the court accepts a *pro se* notice of appeal from a counseled appellant for filing. He argues this colloquy should specifically include the court explaining to the appellant that if he files the notice of appeal without first filing a post-sentence motion, he will waive his right to challenge the discretionary aspects of sentencing. However, Rule 121(g) does not allow for a counseled appellant to file a post-sentence motion *pro se*. **See** Pa.R.A.P. 121(g); **see also Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (stating that an appellant's *pro se* post-sentence motion filed while represented by counsel is a legal nullity). Here, counsel, who still represented Johnson at the time Johnson filed his *pro se* notice of appeal, did file a timely post-sentence motion in the wake of Johnson's *pro se* filings. The court ultimately dismissed that counseled motion as moot, but Johnson has waived any challenge to that finding by abandoning that issue on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/5/2024